UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Scott Huminski,

               Plaintiff,

vs.                        Case No.  2:13-cv-692-FtM-29DNF

State of Vermont, et al.,

               Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the docket.

Plaintiff Scott Huminski initially filed this action in the Southern District of Florida on August 28, 2013, but transferred the case to this Court on September 26, 2013. Before the transfer was complete, plaintiff initiated a second Huminski v. State of Vermont, Case No. 2:13-cv-685-FtM-29DNF (M.D. Fla. filed Sept. 25, 2013)(the "September case"), and subsequently moved to consolidate the cases. The Court denied plaintiff's motion and dismissed the September case, but stated that if plaintiff seeks to go forward with the Complaint filed in the September case, he may refile it under this case number. (See Case No. 2:13-cv-685-FtM-29DNF, Doc. #13.) Instead of filing a new complaint, plaintiff appealed the dismissal of the September case on October 2, 2013. The appeal, however, was dismissed by the Eleventh Circuit for lack of jurisdiction. (See Case No. 2:13-cv-685-FtM-29DNF, Doc. #24.)

At this time, plaintiff has not served the defendants and has more than thirty-five motions pending before the Court.

1.   Plaintiff filed a Renewed Emergency Motion for a Temporary Restraining Order (TRO) and Motion to Certify this Issue for Appeal (Doc. #61) on October 3, 2013.  Plaintiff seeks to enjoin the harassment statutes of Arizona and Connecticut, and the common law of Vermont to allow service of this matter "without the fear of retaliation under the criminal laws of these States."  (Doc. #61, p. 1.)

A court is authorized to enter a TRO in limited circumstances. See Fed. R. Civ. P. 65(b); Local Rule 4.05.  "Such orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."  Local Rule 4.05(a).  The party seeking relief must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible"; (3) that the balance of equities favors the movant; and (4) that the TRO, if issued, will not be adverse to the public interest.  Local Rule 4.05(b)(2)-(4).  Plaintiff has attempted to meet this burden on three prior occasions, and for the reasons set forth below, his request for a TRO will again be denied.

As a preliminary matter, plaintiff has failed to allege or establish probable personal jurisdiction over the named defendants[1] and "[a] court without personal jurisdiction is powerless to take further action."  Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).  In addition to the absence of probable personal jurisdiction, plaintiff has failed to show a substantial likelihood of success on the merits or imminent irreparable injury.  Plaintiff asserts that the harassment statutes in Arizona (Ariz. Rev. Stat. Ann. § 13-2921) and Connecticut (Conn. Gen. Stat. § 53a-183), and the common law of Vermont violate the First Amendment, make civil litigation illegal, and will subject him to criminal penalties if he is required to serve the defendants in this matter.  Such contentions hold little merit.

The Arizona and Connecticut harassment statutes identified by plaintiff prohibit conduct, not speech, and require the offending party to act with the specific intent to harass.  See Ariz. Rev.

---

[1]Federal Rule of Civil Procedure 8(a)(1) states that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction."  Whether a court has personal jurisdiction over a defendant is governed by a two-part analysis. Mutual Serv. Ins. Co. v. Frit Indus., 358 F.3d 1312, 1319 (11th Cir. 2004).  The Court must first determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (citing Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996).  If the Court determines that the long-arm statute is satisfied, it must then determine "whether the extension [of] jurisdiction comports with the due process requirements of the Fourteenth Amendment." Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) (citing Posner, 178 F.3d at 1214).

Stat. Ann. § 13-2921; Conn. Gen. Stat. § 53a-183.  Furthermore, courts have previously determined that the respective statutes do not infringe upon the protection provided by the First Amendment.  See State v. Brown, 85 P.3d 109, 112-114 (Ariz. Ct. App. 2004) (holding that Ariz. Rev. Stat. Ann. § 13-2921 does not implicate the First Amendment of the U.S. Constitution because the statute "regulates neither constitutionally protected speech nor expressive conduct"); State v. Moulton, 991 A.2d 728, 736 (Conn. App. Ct. 2010) (holding that Conn. Gen. Stat. § 53a-183 regulates conduct, not speech, and that a defendant cannot be convicted based on the content of the communication; thus, the statute is not unconstitutional under the federal constitution).  Because the statutes require the offending party to act with the specific intent to harass, plaintiff could only be subject to criminal liability if the filing of this case was done with the intent to harass.  Therefore, plaintiff has failed to show a substantial likelihood of success or immediate irreparable injury with respect to the harassment statutes in Arizona and Connecticut.

With respect to the common law of Vermont, plaintiff has also failed to show a substantial likelihood of success or imminent harm.  Plaintiff asserts that a statement made during state court proceedings fifteen years ago constitutes a threat; however, the substantial lapse in time and the content of the statement do not support plaintiff's claim.  The statement is merely a warning

against plaintiff's continued harassment of a victim and investigating officer throughout court proceedings. Accordingly, plaintiff's request for a TRO is denied.

The motion also requests that the Court certify this issue for appeal. A party may take an immediate interlocutory appeal of a court's ruling if the court certifies a legal issue that (1) involves a controlling question of law as to which there is substantial ground for difference of opinion, and (2) if it determines that such an appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Plaintiff does not present a question of controlling law nor does he indicate how an appeal would materially advance the litigation. Because the standard for certification has not been met, the requested relief is denied.

Plaintiff is directed to serve the defendants in accordance with the Federal Rules of Civil Procedure as further requests for a TRO under the same circumstances would be futile. Failure to serve defendants within the time period specified by Fed. R. Civ. P. 4 will result in dismissal.

**2.** On August 28, 2013, plaintiff filed an Emergency Motion for a Preliminary Injunction (Doc. #14), and filed another Motion for a Preliminary Injunction (Doc. #63) on October 3, 2013. A preliminary injunction is warranted if the movant demonstrates "(1) a substantial likelihood of success on the merits of the underlying

case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction is issued, and (4) an injunction would not disserve the public interest.  Odebrecht Constr., Inc. v. Sec'y, Florida Dept. of Transp., 715 F.3d 1268, 1273 (11th Cir. 2013) (citing Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011)).  As discussed above, plaintiff has failed show a substantial likelihood of success on the merits or irreparable harm.  Furthermore, a court may only issue a preliminary injunction "on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Because plaintiff has failed to provide the defendants with notice of the pending action, the Court would be unable to grant the request even if plaintiff met the burden for obtaining a preliminary injunction.  Accordingly, plaintiff's requests for a preliminary injunction are denied.

**3.**  Plaintiff filed an Emergency Motion for a Speedy Hearing on Declaratory Relief (Doc. #15) on September 9, 2013.  As a preliminary matter, a review of the motion reveals that no emergency exists despite the title of the motion.  The same is true for the Emergency Motion for a Preliminary Injunction addressed above.  Plaintiff is advised that suggesting an "emergency" exists on the title of a pleading should be used in only extraordinary circumstances, when there is a true and legitimate emergency.

The motion asserts that plaintiff will dismiss this action if the Court makes certain declarations that are synonymous with a judgment in his favor. Plaintiff, however, has failed to show that he is entitled to such relief. Therefore, plaintiff's motion is denied.

**4.** Plaintiff has filed numerous motions for partial summary judgment (Docs. ## 21-23, 31-33, 36-37, 48, 50, 52, 65); the motions, however, are premature. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus,, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted). Here, the defendants have not had an opportunity to commence discovery or respond because plaintiff has yet to complete service. Accordingly, the Court will deny the motions for partial summary judgment as premature. The Court notes that this denial is without prejudice to plaintiff refiling his motions at a more appropriate time.

**5.** On November 22, 2013, plaintiff filed a Motion to Suspend and Stay all Statutes of Limitations (Doc. #71). The motion asserts that all relevant statutes of limitations should be suspended because they are merely another tool obstructing litigation of this matter. Plaintiff has failed to provide any

legal support for his argument and the Court can find none. Accordingly, the motion is denied.

6. Plaintiff has submitted multiple requests for leave to amend the complaint (Docs. ## 19, 38, 43). The Court granted plaintiff leave to file a second amended complaint in the Order closing the September Case, but plaintiff has failed to do so. The Court will again grant plaintiff leave to file an amended complaint. If plaintiff wishes to sever his attack on the Arizona harassment statute (Doc. #70) or add parties and claims, he may do so in the amended pleading. Accordingly, plaintiff's motion to sever is denied.

7. Plaintiff filed a Motion for Recusal (Doc. #66) and two supplemental documents (Docs. ## 67-68), on October 3, 4, and 7, 2013, respectively. Plaintiff seeks recusal based on the closing of the September case in favor of proceeding under this case number. Plaintiff's displeasure with the Court's Order, however, does not serve as a basis for recusal. Having presented no other basis for recusal, plaintiff's motion is denied.

8. Plaintiff filed Motions for Accommodations Pursuant to the American With Disabilities Act (Docs. ## 17, 40) on September 10 and 11, 2013, and two Motions to Construe the Entire Record as Pleadings (Docs. ## 44, 46) on September 16, 2013. The motions assert that all of plaintiff's filings should be construed as part of the complaint because of his cognitive disabilities. Courts

generally construe pleadings liberally for pro se litigants; however, plaintiff's request would create an undue burden on the Court and the opposing parties.  See Azar v. Nat'l City Bank, 382 F. App'x 880, 885 (11th Cir. 2010).  Plaintiff has filed more than sixty documents in this case and construing them as a single document would create an insurmountable challenge and force the parties to sift through many irrelevancies.  Accordingly, plaintiff's request is denied.

**9.**   On August 28, 2013, plaintiff filed a Motion to Appoint Counsel (Doc. #5).  The motion asserts that counsel should be appointed because he is indigent and fully disabled with physical and cognitive issues.  "A plaintiff in a civil case has no constitutional right to counsel."  Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).  A court may, however, appoint counsel for an indigent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Id.  A district court "has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  Id. (citations omitted).  Such exceptional circumstances exist where the facts and legal issues are so novel or complex as to require the assistance of a trained professional.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court."  Id.

After reviewing the pending motions and pleadings, the Court concludes that exceptional circumstances do not exist. Plaintiff has demonstrated his ability to adequately present legal arguments and is well versed in litigation. Because plaintiff has failed to identify exceptional circumstances, the motion to appoint counsel is denied.

10.   Plaintiff filed a Motion to Permit Electronic Filing (Doc. #6) on August 28, 2013. The Middle District of Florida's administrative procedures regarding electronic filing through the CM/ECF system state that "[u]nless authorized to file electronically, a pro se filer shall file any pleading and other paper in paper format." "CM/ECF Administrative Procedures," Middle District of Florida, Mar. 15, 2007, at 10. Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures. Having found no good cause, the requested relief is denied.

11.   Plaintiff filed Motions to Dispose of All Motions Concurrently with the Motion for Preliminary Injunction and to Certify those Issues for Appeal (Docs. ## 18, 39) on September 10 and 11, 2013. Plaintiff has failed to present a question of law that merits an immediate appeal; thus, the requested relief is denied.

12.   Plaintiff filed Motions to Certify Questions of Law to the Supreme Courts of Arizona, Connecticut, and Vermont (Docs. ##

-10-

24, 29) on September 10 and 11, 2013.  After reviewing the motions, the Court concludes that plaintiff has failed to present questions that merit certification.  Furthermore, this Court lacks the authority to certify questions to the specified courts. Accordingly, plaintiff's request is denied.

**13.**  Plaintiff moves to stay this action in order for the 9th and 11th Circuits to resolve his pending appeals.  At this time, both appeals have been denied; thus, plaintiff's Motion to Stay (Doc. #64) is denied.

**14.**  On December 16, 2013, plaintiff filed a Motion to Take Judicial Notice of Supreme Court Petition (Doc. #73).  Plaintiff has failed to persuade the Court that it should take judicial notice of his Supreme Court Petition; therefore, the motion is denied.

**15.**  Plaintiff filed two motions requesting that the Court post this case at "Pro Bono Opportunities" U.S.D.C. Website (Docs. # 20, 34).  Because the Middle District of Florida does not utilize this service, plaintiff's motions are denied.

**16.  Caution:**  A Westlaw search for "Scott Huminski" reveals that he has history of abusive litigation practices, including the excessive filing of motions and disregard of court orders.  He has been warned on numerous occasions that such conduct may result in sanctions.  See Huminski v. Heretia, No. CV 11-0896-PHX-DGC, 2012 WL 1940624, at *7 (D. Ariz. July 18, 2011); Huminski v. Mercy

Gilbert Medical Center, CV 12-01437-PHX-FJM, 2012 WL 4052420, at *4
(D. Ariz. Sept. 14, 2012).  Here, plaintiff has filed over forty
motions, many of which are duplicates, but has yet to serve the
defendants.  Plaintiff need only file one copy of each motion and
is advised that motions simply restating the arguments denied by
prior orders are improper and unnecessary.  Under the
circumstances, the Court will reiterate the admonitions from the
proceedings in Arizona.  Plaintiff is cautioned that abusive
litigation tactics and disregard of Court orders and the rules of
procedure may result in sanctions, including dismissal.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Renewed Emergency Motion for a Temporary
Restraining Order and Motion to Certify this Issue for Appeal (Doc.
#61) is **DENIED.**

2.  Plaintiff's Emergency Motion for a Preliminary Injunction
(Doc. #14) and Motion for a Preliminary Injunction (Doc. #63) are
**DENIED.**

3.  Emergency Motion for Speedy Hearing on Declaratory Relief
(Doc. #15) is **DENIED.**

4.  Plaintiff's Motions for Partial Summary Judgment (Docs. ##
21-23, 31-33, 36-37, 48, 50, 52, 65) are **DENIED.**

5.  Plaintiff's Motion to Suspend and Stay all Statutes of
Limitations (Doc. #71) is **DENIED.**

6.   Plaintiff's Motions for Leave to Amend the Complaint (Docs. ## 19, 38, 43) are **GRANTED**. Plaintiff's Motion to Sever and Stay the Direct Facial Attack Upon the Arizona Harassment Statute is **DENIED**. Plaintiff may file a second amended complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

7.   Plaintiff's Motions for Recusal (Docs. # 66-68) are **DENIED**.

8.   Plaintiff's Motions for Accommodations Pursuant to the American With Disabilities Act (Docs. ## 17, 40) and Motions to Construe the Entire Record as Pleadings (Docs. ## 44, 46) are **DENIED**.

9.   Plaintiff's Motion to Appoint Counsel (Doc. #5) is **DENIED.**

10.  Plaintiff's Motion to Permit Electronic Filing (Doc. #6) is **DENIED.**

11. Plaintiff's Motions to Dispose of All Motions Concurrently with the Motion for Preliminary Injunction and to Certify those Issues for Appeal (Docs. ## 18, 39) are **DENIED.**

12.  Plaintiff's Motions to Certify Questions of Law to the Supreme Courts of Arizona, Connecticut, and Vermont (Docs. ## 24, 29) are **DENIED.**

13.  Plaintiff's Motion to Stay (Doc. #64) is **DENIED.**

14.  Plaintiff's Motion to Take Judicial Notice of Supreme Court Petition (Doc. #73) is **DENIED.**

15.    Plaintiff's Motions to Post this Case at "Pro Bono Opportunities" U.S.D.C. Website (Docs. # 20, 34) are **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of January, 2014.


_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:

Plaintiff