UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT HUMINSKI, for himself and those similarly situated,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No: 2:13-cv-692-FtM-29DNF

DETECTIVE DEBRA HARTIN, NORWALK POLICE DEPARTMENT, JOHN E. STEELE, Honorable, U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, PETER TRAHAN, Detective, JOHN T. LAVOIE, and HECTOR HEREDIA, Officer,

      Defendants.

_____

**ORDER**

This matter comes before the Court on review of the "Supplement – Amendment to Pleadings and Partial Dismissal of Case" (Doc. #76), construed as a Second Amended Complaint, and the following miscellaneous motions: (1) Plaintiff's Renewed Motion to Specially Appoint Hon. Alan S. Gold U.S.D.C. (S.D. Fla.) and Motion to Recuse the District Court (Doc. #77); (2) Plaintiff's Motion to Waive Formal Service of Complaint and Summons Concerning Hon. John E. Steele and the District Court (Doc. #78); (3) Motion for Partial Declaratory Summary Judgment Against Hon. John E. Steele and the District Court ***For Lodging Pending Service of

Judge Steele*** (Doc. #80); (4) Motion to Vacate Order of 1/29/2014 (Doc #83-2) (5) Motion for Partial Summary Judgment (Doc. #84); and (6) Emergency Motion for TRO Against Judge Steele (Doc. #85).

On January 15, 2014, the Court issued an Opinion and Order (Doc. 374) addressing plaintiff's various motions and granting leave to file a second amended complaint.  On January 23, 2014, plaintiff filed a "Supplement – Amendment to Pleadings and Partial Dismissal of Case" (Doc. #76), construed as a Second Amended Complaint, dismissing all prior defendants except Detective Peter Trahan, Detective Debra Hartin, the Norwalk Police Department, John T. Lavoie and Officer Hector Heredia, and adding the undersigned and the "U.S. District Court (Middle District of Florida" as defendants.

Plaintiff seeks declaratory relief as to the undersigned and the Middle District of Florida only regarding a wide range of issues, including declarations outside the authority or jurisdiction of this Court, none of which have any bearing on the other defendants.  Plaintiff's addition of the undersigned, and the separate motion seeking to have a Southern District of Florida appointed, is an obvious attempt at "judge-shopping".  However, naming a presiding judge as a defendant is not necessarily a basis for recusal.  The standard of review when considering recusal is "whether an objective, disinterested, lay observer fully informed

of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003)(citations omitted).  See also In re Evergreen Sec., Ltd., 570 F.3d 1257, 1274 (11th Cir. 2009)("[E]xcept where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal."); In re Walker, 532 F.3d 1304, 1311 (11th Cir. 2008)(adverse decision against plaintiff is not a basis for recusal); Brown v. U.S. Patent & Trademark Office, 226 F. App'x 866, 869 (11th Cir. 2007)("A party's complaints regarding 'judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel' are not sufficient to require recusal." (citation omitted)); More v. Schiavo, 8:09-CV-498-T-30TGW, 2009 WL 971418, *1 (M.D. Fla. Apr. 8, 2009)("The law, however, does not permit such 'judge-shopping,' and this tactic will not be tolerated." (collecting cases)).  The Court finds no basis for recusal, and the declaratory relief sought in the Second Amended Complaint is clearly unrelated to any allegations against the other named defendants.  Therefore, the Second Amended Complaint will be stricken.  For the same reasons, the related motion seeking to appoint a Judge outside of the Middle District of Florida and for the recusal of the undersigned, see doc. #77,

will be denied.  Plaintiff's Motion for Partial Summary Judgment (Doc. #84) based on the issuance of the Related Case Order and Track Two Notice (Doc. #81) will be denied.  The undersigned finds that recusal is not required, therefore the basis for the motion is moot.  In the alternative, summary judgment is not appropriate on the track two notice.[1]

The Court also finds that the Second Amended Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10. Plaintiff provides "Notification" under 18 U.S.C. § 4 of violations of criminal statutes by "law enforcement and government officials", however the statute concerning the misprision of felony is not a basis for a private cause of action.  Plaintiff follows with a Memorandum of Law before continuing with additional general allegations on page 14.  Lastly, plaintiff presents a facial attack on Arizona and Connecticut harassment statutes without setting forth how the defendants are responsible.  The Second Amended Complaint will be dismissed without prejudice to filing a Third Amended Complaint.  If plaintiff intends to proceed against the remaining named defendants, the following guidelines should be considered:  (1) plaintiff must clearly describe <u>how</u>

---

[1] The Court assumes that plaintiff is referring to the Related Case Order and Track Two Notice (Doc. #81) as the only other order issued on January 29, 2014, was by Magistrate Judge Douglas N. Frazier.  (Doc. #82.)

each named defendant is involved in the alleged claim, more than conclusory and vague allegations are required to state a cause of action; (2) plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated, or otherwise state a basis for jurisdiction in federal court; (3) plaintiff must provide a statement of facts in support of each claim against each defendant; (3) plaintiff must also state which defendants are being sued for each particular count of the Third Amended Complaint; and (4) plaintiff do so in separate, numbered paragraphs, and clearly state the basis for relief and what relief plaintiff is seeking from each defendant.  Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure, which Rules plaintiff is directed to consult before filing the Third Amended Complaint.

The Motion to Waive Service and Summons (Doc. #78) will be denied as moot as the Second Amended Complaint is stricken.  In the alternative, the motion is denied because the motion contains only a title and no request for relief.

The Motion for Partial Declaratory Summary Judgment (Doc. #80) will be denied as moot because the Second Amended Complaint was stricken.  The motion is also denied because it prematurely seeks relief before service of process, and seeks relief outside

of the parameters of the allegations in the Second Amended Complaint.

The Motion to Vacate Order of 1/29/2014 (Doc #83-2) the Related Case Order and Track Two Notice is denied.  The Court finds no basis to vacate a standard, ministerial order for the tracking of this case. See In re BellSouth Corp., 334 F.3d 941, 950 (11th Cir. 2003)(even a "disqualified judge still may enter 'housekeeping' orders that do not involve the exercise of judicial discretion").  The Emergency Motion for TRO Against Judge Steele (Doc. #85) is denied as moot because the request for recusal has been denied and the case remains assigned to the undersigned.

Accordingly, it is hereby

**ORDERED:**

1. The Second Amended Complaint (Doc. #76) is **stricken**. Plaintiff may file a Third Amended Complaint pursuant to the directions provided herein within **TWENTY-ONE (21) DAYS** of this Order.

2. Plaintiff's Renewed Motion to Specially Appoint Hon. Alan S. Gold U.S.D.C. (S.D. Fla.) and Motion to Recuse the District Court (Doc #77) is **DENIED.**

3. Plaintiff's Motion to Waive Formal Service of Complaint and Summons Concerning Hon. John E. Steele and the District Court (Doc. #78) is **DENIED as moot.**

4. Plaintiff's Motion for Partial Declaratory Summary Judgment Against Hon. John E. Steele and the District Court ***For Lodging Pending Service of Judge Steele*** (Doc. #80) is **DENIED as moot**.

5. Plaintiff's Motion to Vacate Order of 1/29/2014 (Doc #83-2) is **DENIED.**

6. Plaintiff's Motion for Partial Summary Judgment (Doc. #84) is **DENIED as moot.**

7. Plaintiff's Emergency Motion for TRO Against Judge Steele (Doc. #85) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of February, 2014.

*[signature]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record