UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT HUMINSKI, for himself
and    Those    similarly
situated,

       Plaintiff,

v.                                        Case No: 2:13-cv-692-FtM-29DNF

JOHN E. STEELE, Honorable,
U.S. DISTRICT COURT MIDDLE
DISTRICT OF FLORIDA, CLERKS
OF THE COURT, and DOUGLAS
FRAZIER, Honorable,

       Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the file and the current operative pleading, the Third Amended Complaint and Partial Dismissal of Case (Doc. #94).  For the reasons stated below, the Court finds that the Third Amended Complaint must be dismissed without prejudice.

**A. Procedural History**

On October 1, 2013, the Court reviewed two related cases: one was transferred here pursuant to an Order from the Southern District of Florida (2:13-cv-692-FTM-29DNF, Doc. #56); and the other was filed by plaintiff in the Middle District of Florida (Case NO. 2:13-cv-685-FTM-29DNF) contemporaneously with the entry

of the Order Transferring Case to Middle District of Florida Upon Plaintiff's Stipulation [ECF No. 49]; Closing Case (Doc. #56).

On January 15, 2014, the Court issued an Opinion and Order (Doc. #74) addressing plaintiff's emergency motions, motions for partial summary judgment, miscellaneous motions, and multiple requests for leave to amend the complaint. The Court also cautioned plaintiff about his history of abusive litigation practices in other courts, and the filing of duplicate motions. The Court granted plaintiff's motions for leave to file a second amended complaint. On January 23, 2014, plaintiff filed a Supplement – Amendment to Pleadings and Partial Dismissal of Case (Doc. #76).

On February 3, 2014, the Court issued an Order (Doc. #87) construing plaintiff's Supplement – Amendment to Pleadings and Partial Dismissal of Case (Doc. #76) as a Second Amended Complaint, and addressing several miscellaneous pending motions. In the Second Amended Complaint, plaintiff dismissed all previously named defendants, except Detective Peter Trahan, Detective Debra Hartin, the Norwalk Police Department, John T. Lavoie, and Office Hector Heredia, and added the undersigned and the U.S. District Court (Middle District of Florida) as defendants. The Court found that the Second Amended Complaint failed to comply with Federal Rules of Civil Procedure 8 and 10, and granted leave to file a third amended complaint. The Court also found "the declaratory relief

sought in the Second Amended Complaint [was] clearly unrelated to any allegations against the other named defendants", and the Second Amended Complaint was stricken on this basis.

On February 10, 2014, the Court issued an Order (Doc. #95) clarifying that the related case filed by plaintiff, Case No. 2:13-cv-685-FTM-29DNF, was closed in favor of proceeding in this transferred case; denying a motion to vacate all orders; denying a motion for partial declaratory summary judgment against the undersigned; denying a motion to specially appoint District Judge Gold of the Southern District of Florida and a motion to recuse; and denying a motion to Waive Formal Service of Complaint and Summons Concerning Hon. John E. Steele and the District Court (Doc. #91).

**B. Third Amended Complaint**

On February 7, 2014, plaintiff filed a Third Amended Complaint and Partial Dismissal of Case (Doc. #94) dismissing all remaining non-judicial defendants and naming only the undersigned, the District Court, "clerks of the court", and Magistrate Judge Frazier. Plaintiff asserts that the claims are as to defendants both individually and officially. Plaintiff seeks declaratory relief with regard to the "premature dismissal" of the related case, Case No. 2:13-cv-685-FTM-29DNF, including declarations that plaintiff's constitutional rights were violated because of the "premature dismissal", that the "premature dismissal caused chaos

and confusion", that it violated a Vermont Supreme Court case, and that it violated the Americans with Disabilities Act. (Doc. #94, ¶¶ 4-16.) Paragraphs 17 through 19, 23 through 29, 32 through 52, 54 through 57, 61 through 68, 71, 76, and 78 through 81 contain additional allegations and nonsensical facts related entirely to the dismissed defendants, but do not actually seek any relief.

In paragraphs 20 and 69, plaintiff asserts that the denial of a temporary restraining order make it clear that the "judicial defendants" would not disturb the harassment statutes and plaintiff cannot serve anyone in Arizona, Vermont or Connecticut without a protective order. In paragraph 21, plaintiff asserts that the majority of defendants were dismissed for fear of prosecution by Arizona, Connecticut and Vermont, and the rest of the defendants were dismissed for fear of retaliation by the Court by finding his claims to be frivolous. In paragraph 22, plaintiff recognizes that he was provided leave to amend but that he instead heeded the warning that "sends a different message". In paragraph 30, plaintiff asserts a conspiracy. In paragraph 31, plaintiff asserts that he was entitled to notice before dismissal of the other case. In paragraph 53, plaintiff asserts that the District Court was acting under color of state law to violate his constitutional rights. In paragraphs 58 through 60, plaintiff alleges that the Court made incorrect inferences. In paragraph 70, plaintiff seeks a declaration that the undersigned defended

- 4 -

the threats from police agencies by demanding that plaintiff risk
arrest by serving defendants.  In paragraph 72, plaintiff asserts
that the failure to give notice before dismissing his case violated
the Americans with Disabilities Act.  In paragraph 73, plaintiff
asserts that the undersigned disregarded criminal conduct in
Vermont, Connecticut, Arizona, and North Carolina, and failed to
forward the filing to federal law enforcement.  Pages 12 through
14 are labelled "Exhibit A".  The numbering continues on page 15,
and paragraph 74 simply cites case law.  In paragraph 75, plaintiff
asserts that there are "perpetual" threats from the dismissed
defendants.  In paragraph 77, plaintiff states that service of
process "annoys, harasses and alarms" plaintiff and to compel
service "is with the intent to initiate litigation".

In paragraph 82, plaintiff seeks a declaration that
defendants' complete disregard for the facts and law set forth in
in Exhibit A and B was error and indicative of judicial
impropriety.  In paragraph 83, plaintiff seeks a declaration that
the threat from police in the City of Surprise, California, was
obstruction of justice and violated his civil rights.  Pages 18
through 34 are labelled "Exhibit B", and incorporate a Memorandum
of Law.

"In order to receive declaratory or injunctive relief,
plaintiffs must establish that there was a violation, that there
is a serious risk of continuing irreparable injury if the relief

is not granted, and the absence of an adequate remedy at law."
Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000).  In this
case, the Court provided plaintiff ample opportunity to set forth
any and all claims against the dismissed defendants, and add any
additional defendants or claims from the closed case, in a single
complaint in this one case.  Plaintiff did not elect to do so.
Instead, plaintiff dismissed all defendants and elected to file
suit against judges and the district court based on the closure of
the related case.  Plaintiff could have, and still may, file a new
case asserting his claims against dismissed defendants from the
closed case, and also against the dismissed defendants in the
instant case.  Plaintiff has an adequate remedy at law, and may
seek leave to proceed *in forma pauperis* if he qualifies as indigent
for purposes of the court costs of service of process.  There is
no serious risk of continuing irreparable injury as long as
plaintiff maintains the ability to file suit against the dismissed
defendants.

    Plaintiff argues that he cannot serve defendants with process
or he risks possible arrest, criminal sanctions, and harassment by
the States of Arizona, Vermont, and Connecticut.  "In the absence
of service of process (or waiver of service by the defendant), a
court ordinarily may not exercise power over a party the complaint
names as defendant."  Murphy Bros., Inc. v. Michetti Pipe
Stringing, Inc., 526 U.S. 344, 350 (1999).  The case cannot be

heard, by any judge or court, if plaintiff declines to allow service of process on a party.

As further explained below, the currently named parties are entitled to absolute immunity for orders entered in the closed case and this case, and plaintiff maintains the ability to appeal. The Third Amended Complaint, as currently pled, will be dismissed without prejudice as frivolous and barred by absolute immunity, and without leave to amend.

**C. Miscellaneous Motions**

Plaintiff has filed several motions on a weekly basis since the filing of the Third Amended Complaint, despite a prior admonishment to refrain from abusive litigation tactics. (Doc. #74, ¶ 16.)  Although many of the motions seek a temporary restraining order or emergency relief, the Court found no emergency presented after a preliminary review.  Therefore, the motions are resolved below and in the normal course of proceedings:

1. Plaintiff's Motion for Recusal Re: Judicial Deceit and Judicial Fraud (Doc. #97) is **denied**.  Plaintiff seeks recusal of the undersigned because the "order dated, 2/10/2014, is the attempt of" a named defendant to overrule the Eleventh Circuit Court of Appeals, and because the Order was issued by a named defendant and is therefore void.  As previously stated, see Doc. #87, pp. 2-3, the Court finds that recusal is not required in this case, and

under the "rule of necessity", see Davis v. Kvalheim, 261 F. App'x 231, 234 (11th Cir. 2008), the undersigned declines to do so.

2. Plaintiff's Motion for Leave to Amend, Re: Judicial Deceit and Judicial Fraud, Hon. John E. Steele (Doc. #98) is **denied.** Plaintiff seeks leave to amend the Third Amended Complaint to add state law claims and constitutional claims against the undersigned based on the entry of the February 10, 2014 Order. Plaintiff seeks to assert claims that would be barred by judicial immunity and subject to dismissal. See Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)(as a matter of first impression, finding federal judges entitled to absolute immunity). Therefore the motion is denied.

3. Plaintiff's Motion to Vacate the Orders of Magistrate Frazier as Inconsistent With Due Process (Doc. #99) is **denied**. Plaintiff seeks to vacate the "orders of Hon. Frazier" without specifying what order or why the order should be vacated other than that they were entered as "deliberate and malevolent violations" of the orders of the Eleventh Circuit. Plaintiff has the ability to pursue an appeal of a non-dispositive order of the magistrate judge to the presiding district judge, see 28 U.S.C. § 636(b)(1)(A), and therefore plaintiff is not without remedy.

4. Plaintiff's Motion for Temporary Restraining Order Against Hon. John E. Steele (Doc. #100) is **denied.** Plaintiff seeks to enjoin the undersigned from "*sua sponte* vastly premature

dismissals" of his cases. The Court finds the motion is without merit. Plaintiff's related case was closed and plaintiff was provided an opportunity to present all of his claims in <u>one</u> case, this case, and plaintiff declined to do so. The Court is otherwise authorized to *sua sponte* dismiss a case if deemed frivolous. <u>See</u> <u>Kvalheim</u>, 261 F. App'x 231 at 234-35.

5. Plaintiff's Motion for Temporary Restraining Order Against Hon. John E. Steele re: Judicial Fraud and Deceit (Doc. #101) is **denied**. Plaintiff seeks to enjoin the undersigned from asserting that the related cases were duplicates as fraudulent and deceptive. The Court did not find that the cases were identical, but sufficiently the same to warrant having all claims asserted in one, single, consolidated complaint. Therefore, the motion is denied.

6. Plaintiff's Motion for Temporary Restraining Order Against Hon. John E. Steele re: Judicial Recusal (Doc. #102) is **denied**. Plaintiff seeks to enjoin myself and Judge Frazier from <u>not</u> recusing where they are named as defendant because it is *per se* an appearance of impropriety. As previously stated, recusal is not required under all circumstances. Therefore, the motion is denied.

7. Plaintiff's Motion for Order to Show Cause as to Why Defendants Steele and Frazier Should Not Be Held in Contempt of the 11th Circuit Order Issued in #13-14534 (Doc. #103) is **denied**.

Plaintiff seeks an order to show cause why the undersigned and Magistrate Judge Frazier should not be held in criminal or civil contempt of the Eleventh Circuit's Order finding no adjudication on the merits of the closed case, and that the case remains pending by virtue of this case. Despite plaintiff's mischaracterization of the Eleventh Circuit's order, the Court has not issued any orders barring plaintiff from asserting the claims that were set forth in the closed case. The motion will be denied.

8. Plaintiff's Motion for Temporary Restraining Order Against Named Defendants Re: Obstruction of Entry of Judgment (Doc. #104) is **denied** as moot. Judgment was issued on May 8, 2014, in Case No. 2:13-cv-685-FTM-29DNF, upon plaintiff's motion for the entry of a judgment.

9. Plaintiff's Motion for Order to Show Cause as to Why Defendants Should Not Be Held in Contempt of F.R.Civ.P. 58(a) (Doc. #105) is **denied** as moot. Judgment was issued on May 8, 2014, in Case No. 2:13-cv-685-FTM-29DNF, upon plaintiff's motion for the entry of a judgment.

10. Plaintiff's Motion to Join USDC (Ft Myers) Clerks; Radhika Rivera, Mark Belcher, Anthony A. Arsali AND Diane as additional defendants and Notification (Doc. #106) is **denied**. Plaintiff seeks to add the Law Clerks for the undersigned, and "Diane" as additional defendants. The motion will be denied as plaintiff has failed to demonstrate that the law clerks or docket

clerk took <u>any</u> action outside the scope of their employment.  As to the law clerks, drafting orders is "an inherently judicial activity, [and] a law clerk enjoys absolute immunity in doing so." <u>Jallali v. Florida</u>, 404 F. App'x 455, 456 (11th Cir. 2010).  The additional person, "Diane", the Court will assume is a reference to a docket clerk.  The motion will also be denied as to the docket clerk because "Diane" is entitled to absolute immunity for entering or not entering a judgment.  See, e.g., <u>Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. of Fla.</u>, 150 F. App'x 988, 990 (11th Cir. 2005)(" The Clerk essentially performed the same action as a judge when the judge decides to enter or not enter a default judgment.")

11.  Plaintiff's Motion to Expedite Pending Motions and Motion to Dismiss the Name of the U.S. Attorney Assigned to Defendant U.S. Government Defendants (Doc. #107) is **denied**.  As there is no Assistant U.S. Attorney currently assigned to represent any persons in this case, and the motion is otherwise moot to the extent that the pending motions are addressed herein.

12.  Plaintiff's Motion to Certify Issue for Appeal Re: Constitutionality of Sua Sponte Summary Dismissal (Doc. #109) is **denied**.  Plaintiff does not specify any relief sought outside the title of the document, and therefore no basis is articulated to certify an interlocutory appeal.

13.    Plaintiff's Motion for Temporary Restraining Order Against Named Defendants Re: Obstruction of Rule 60(b) (Doc. #110) is **denied.** Plaintiff was not barred from filing documents in the closed case, and in fact filed a Motion to Enlarge the Time to File Notice of Appeal to 60 Days After Disposition of the Rule 60 Motion, Motion to Vacate Order of 5/8/2014, and Motion to Reconsider or Vacate order of 5/8/2014 and Plaintiff's Notification to Stand on the Complaint as Dismissed.

14.    Plaintiff's Motion to Issue Summons (Doc. #111) is **denied** as moot as summonses were issued for both named judges on April 28, 2014. (See Doc. #113.)

15.    Plaintiff's Motion for Temporary Restraining Order Against Named Defendants Re: Obstruction of the Service of this Lawsuit (Doc. #114) is **denied** as moot. The undersigned was personally served on May 8, 2014, and Magistrate Judge Frazier was served by service of process on a Deputy Clerk on May 15, 2014. (Doc. #115.)

16.    Plaintiff's Motion for Recusal and Motion for Special Re-Appointment of Hon. Alan S. Gold (Doc. #116) is **denied.** The Court has no authority to specially appoint a District Judge in the Southern District of Florida to preside over this case. Additionally, plaintiff has not shown why the case should be transferred back to the Southern District of Florida after

stipulating to the transfer of the case to the Middle District of Florida.  (See Doc. #56.)

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Recusal Re: Judicial Deceit and Judicial Fraud (Doc. #97) is **denied**.

2. Plaintiff's Motion for Leave to Amend, Re: Judicial Deceit and Judicial Fraud, Hon. John E. Steele (Doc. #98) is **denied**.

3. Plaintiff's Motion to Vacate the Orders of Magistrate Frazier as Inconsistent With Due Process (Doc. #99) is **denied**.

4. Plaintiff's Motion for Temporary Restraining Order Against Hon. John E. Steele (Doc. #100) is **denied**.

5. Plaintiff's Motion for Temporary Restraining Order Against Hon. John E. Steele re: Judicial Fraud and Deceit (Doc. #101) is **denied**.

6. Plaintiff's Motion for Temporary Restraining Order Against Hon. John E. Steele re: Judicial Recusal (Doc. #102) is **denied**.

7. Plaintiff's Motion for Order to Show Cause as to Why Defendants Steele and Frazier Should Not Be Held in Contempt of the 11th Circuit Order Issued in #13-14534 (Doc. #103) is **denied**.

8. Plaintiff's Motion for Temporary Restraining Order Against Named Defendants Re: Obstruction of Entry of Judgment (Doc. #104) is **denied as moot**.

9. Plaintiff's Motion for Order to Show Cause as to Why Defendants Should Not Be Held in Contempt of F.R.Civ.P. 58(a) (Doc. #105) is **denied as moot**.

10. Plaintiff's Motion to Join USDC (Ft Myers) Clerks; Radhika Rivera, Mark Belcher, Anthony A. Arsali AND Diane as additional defendants and Notification (Doc. #106) is **denied**.

11. Plaintiff's Motion to Expedite Pending Motions and Motion to Dismiss the Name of the U.S. Attorney Assigned to Defendant U.S. Government Defendants (Doc. #107) is **denied**.

12. Plaintiff's Motion to Certify Issue for Appeal Re: Constitutionality of Sua Sponte Summary Dismissal (Doc. #109) is **denied**.

13. Plaintiff's Motion for Temporary Restraining Order Against Named Defendants Re: Obstruction of Rule 60(b) (Doc. #110) is **denied**.

14. Plaintiff's Motion to Issue Summons (Doc. #111) is **DENIED as moot**.

15.  Plaintiff's Motion for Temporary Restraining Order Against Named Defendants Re: Obstruction of the Service of this Lawsuit (Doc. #114) is **denied as moot**.

16.  Plaintiff's Motion for Recusal and Motion for Special Re-Appointment of Hon. Alan S. Gold (Doc. #116) is **denied**.

17.  Plaintiff's Third Amended Complaint and Partial Dismissal of Case (Doc. #94) is **dismissed**.  The Clerk shall enter judgment accordingly, terminate all pending matters as moot, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record